ANNA GAWALES, petitioner-appellant,

*v.*

JOHN GAWALES, defendant-respondent.

[Submitted May 20th, 1947.   Decided September 25th, 1947.]

*Mr. Benjamin H. Priest,* for the appellant.

*Messrs. Hendrickson & Jacobs (Mr. Sydney L. Jacobs,* of counsel), for the respondent.

The opinion of the court was delivered by

McGEEHAN, J.

This appeal brings up for review a decree of the Chancellor, entered on the advice of Advisory Master Grosman, which dismissed the wife's petition for divorce on the ground of extreme cruelty.

As to the acts of cruelty charged, the evidence adduced by the wife and that adduced by the husband were in sharp conflict. The Advisory Master, who saw the witnesses and had the opportunity to observe their demeanor while testifying, concluded that the wife had not borne the burden of proof. On appeal from a decree of the Court of Chancery, great

weight is given to a finding by the court below on a question of fact. We find sufficient evidence to justify the conclusion reached by the Advisory Master. *Haviland* v. *Haviland, 114 N. J. Eq. 96.*

The wife contends that it was an abuse of discretion on the part of the Advisory Master to deny her motion to carry the case over to another day in order to give her an opportunity to present the testimony of her physician. No subpœna had been issued for this witness and no excuse was given for failure to do so. While this may be fatal to appellant's contention (see *Ogden* v. *Gibbons, 5 N. J. Law 598; Moss* v. *Newmark, 6 N. J. Mis. R. 1040; Michael* v. *Southern Lumber Co., 101 N. J. Law 1; Charlton* v. *Jersey Mutual Casualty Insurance Co., 107 N. J. Law 126; May* v. *Van Bensholen, 13 N. J. Mis. R. 268; 70 C. J. 44; 17 C. J. S. 230*), we rest our decision on the ground that appellant was not harmed by the denial of the motion. The wife's solicitor knew when the case opened that the doctor had several confinements that morning, but proceeded in the hope that the doctor would heed his request to be present at the hearing. When the hearing came to a close without the appearance of the doctor, the solicitor moved that the case be held over to another day to enable him to produce the doctor as a witness, stating that, if present, the doctor would testify to "the condition of the woman, the bruises on her body, the nervous condition she was in, and the treatment he gave her." That the wife had these bruises on her body and also black and blue marks, was admitted by the husband but attributed by him to an accidental tripping by the wife. In view of the Advisory Master's conclusion that the acts of cruelty charged had not been proved, this testimony, if adduced, could not affect the result.

The decree under appeal is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, WACHENFELD, EASTWOOD, WELLS, DILL, McGEEHAN, McLEAN, JJ. 10.

*For reversal*—COLIE, BURLING, FREUND, SCHETTINO, JJ. 4.